**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BROOKE NICHOLE CANO**
c/o Gottesman & Assoc.
9200 Montgomery Rd.
Building E, Suite 18B
Cincinnati, Ohio 43242

      **Plaintiff**                          **COMPLAINT FOR DAMAGES**
                                                  **WITH JURY DEMAND**

**v.**

**CITY OF WHITEHALL**
c/o Bradley Nicodemus
360 S. Yearling Rd.
Columbus, Ohio 43213

And

**MICHAEL T. BIVENS,**
Mayor, City of Whitehall
c/o Bradley Nicodemus
360 S. Yearling Rd.
Columbus, Ohio 43213

and

**VAN GREGG**
Safety Director, City of Whitehall
c/o Bradley Nicodemus
360 S. Yearling Rd.
Columbus, Ohio 43213

and

**MICHAEL CRISPIN**
Chief of Police, City of Whitehall
c/o Bradley Nicodemus
360 S. Yearling Rd.
Columbus, Ohio 43213

and

**CHAD WILDER**

Deputy Chief of Police, City of Whitehall
c/o Bradley Nicodemus
360 S. Yearling Rd.
Columbus, Ohio 43213

and

**MATTHEW PARR**
Police Lieutenant, City of Whitehall
c/o Bradley Nicodemus
360 S. Yearling Rd.
Columbus, Ohio 43213

and

**JOHN DOE 1-10**

    **Defendants.**

Plaintiff, through Counsel, for her Complaint, states and alleges as follows:

<u>**Introduction**</u>

1. This lawsuit stems from Defendant's illegal termination of the Plaintiff on December 12, 2024, after it harassed, unnecessarily investigated, and disciplined Ms. Brooke Cano (herein "Plaintiff" or "Officer Cano"), a female police employee.

2. This is an action under Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e-2(a)(1), 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and Ohio Revised Code Chapter 4112, for Defendants' unlawful discriminatory and retaliatory actions against Plaintiff based on gender. Defendants subjected Plaintiff to unlawful, discriminatory, and corrupt policies and practices including, but not limited to, retaliation against protected activity, intimidation, spurious investigations, disparate treatment, and a hostile work environment based on gender. Defendants retaliated, harassed, and targeted for investigation Plaintiff because she was female and after she was selected for a voluntary

position as a union representative. Defendants harassed Plaintiff with spurious investigations, and subjected Plaintiffs to ongoing retaliation, career disadvantage, inflated discipline and termination while similarly situated male personnel received no discipline for similar offenses. As a consequence of the foregoing, Plaintiff filed this action seeking compensatory damages, recovery for economic losses, punitive damages, declaratory and injunctive relief, and reasonable attorney fees and costs in this matter.

**<u>Parties</u>**

3. At all relevant times herein, Plaintiff was an employee of the City of Whitehall. During all relevant times, Plaintiff was an employee within the meaning of 42 U.S.C. §5000e(f) and O.R.C. 4112.01(A)(3).

4. Plaintiff is a white female and was an officer for the Whitehall Division of Police, and at all times relevant, a resident of the State of Ohio.

5. At all relevant times herein, Defendant City of Whitehall ("Whitehall") is and/or was the employer of Plaintiff, and a public employer within the meaning of Title VII (42 U.S.C. 2000e(b), and O.R.C. 4112.01(A)(2). Defendant Whitehall is a duly chartered municipality and city within the state of Ohio and, in that capacity, maintains the Whitehall Division of Police.

6. Defendant, Michael T. Bivens (Defendant Bivens) is the Mayor of the City of Whitehall, responsible for, among other things, executive and administrative functions of the City. He has held that position at all times relevant to this matter. He is sued in his individual and official capacities.

7. Defendant, Van Gregg (Defendant Gregg) is the Safety Director for the City of Whitehall, responsible for, among other things, supervision of the Whitehall Division of

Police. He has held that position at all times relevant to this matter. He is sued in his individual and official capacities.

8. Defendant, Michael Crispin (Defendant Crispin) is the Chief of Police for the City of Whitehall and has oversight, control, and supervision over the actions complained of herein. He has held that position at all times relevant. He is sued in his individual and official capacities.

9. Defendant, Chad Wilder (Defendant Wilder) is the Deputy Chief of Police for the City of Whitehall and has oversight, control, and supervision over the actions complained of herein. He has held that position at all times relevant. He is sued in his individual and official capacities.

10. Defendant, Matthew Parr (Defendant Parr) is a Lieutenant for the City of Whitehall and has oversight, control, and supervision over the actions complained of herein. He has held that position at all times relevant. He is sued in his individual and official capacities.

11. Defendants John Doe 1-10 are party Defendants not yet identified.

## Jurisdiction and Venue

12. Subject matter jurisdiction over the federal claims and causes of action asserted by the Plaintiff in this action is conferred on this Court pursuant to 28 U.S.C. §1331, 42 U.S.C. § 2000e-5, 28 U.S.C. §1332, 28 U.S.C. §1367, and other applicable law.

13. This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367, because Plaintiff's state law claims are so related to her federal claims over which the Court has jurisdiction that those claims form part of the same case or controversy.

4

14. Venue is proper in this District and Division under 28 U.S.C. 1391(b)(1) and (2) in that the Defendant resides in, and the facts giving rise to this matter arose in, the Southern District of Ohio and the Columbus Division.

## Procedural History and Requirements

15. On or about January 15, 2025, Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Ohio Civil Rights Commission through dual filing and a work share agreement (the OCRC retained jurisdiction over the investigation). *See Exhibit A-1, attached*.

16. On or about December 10, 2025, the EEOC issued a Notice of Right to Sue as to Plaintiff's EEOC charges. The Plaintiff received the issued Notice of Right to Sue by email shortly after the date of issuance. *See Exhibit A-2, attached*.

17. The Plaintiff exhausted all required administrative remedies before commencing this action.

18. The complaint was filed within 90 days of receipt of the Notices of Right to Sue issued by the EEOC.

## Statement of Facts

19. Plaintiff was employed by the Whitehall Division of Police for almost 4 years. She was a decorated police officer and, at all times relevant, was assigned as a patrol officer in a uniformed capacity.

20. Plaintiff had an unblemished work history and, prior to this targeted discrimination, had never been investigated or received formal discipline.

21. The City of Whitehall and Defendant Crispin had an established history of targeting union representatives, resulting in several prior union representatives being targeted for administrative investigations, discipline and termination.[1]

22. Officer Cano became an assistant union grievance representative in September 2023, working directly with Officer Enrique Ortega, the lead union grievance chair representing the Whitehall officers.

23. On or about May 2024, as part of her union activities, created a PowerPoint detailing officer mental health concerns, union concerns, low moral within the department, and problems within the working environment.

24. On or about May 2024 the PowerPoint was presented to Defendant Bivens by other union officials as a means to improve working conditions for union members and to create open dialogue between the union and the employer.

25. On or about May 2024, Defendant Crispin advised Officer Cano he knew she had created the PowerPoint.

26. On or about July 2024, Officer Cano assumed the role of union grievance chairperson for the Fraternal Order of Police (FOP), Lodge #9, representing the union members at the Whitehall Division of Police. Officer Cano assumed this role following the termination of Officer Ortega, the prior grievance representative, after he was the subject of investigative attacks from Defendants.

27. Prior to assuming the role as grievance chair, Officer Cano was involved in an incident on June 24, 2024. Officer Cano responded to assist other officers on a traffic stop of a

---

[1] Officer Don Fletcher, Officer John Chiriac and Officer Enrique Ortega (Ortega was placed under administrative investigation and terminated in July 2024 when Plaintiff became the lead grievance chairperson). See *FOP Capital City Lodge #9 v. The City of Whitehall, et al.* Case No. 2:25-cv-01269, US Dist. Court for the Southern Dist. Of Ohio, Eastern Div.

suspected stolen vehicle involving several suspects. The suspects attempted to flee, violently resisted arrest, and assaulted officers before they were apprehended and arrested.

28. Officer Cano was struck in the head, her throat was grabbed, and Officer Cano was required to use force to subdue a suspect. The suspect was charged with a felony offense for assaulting Officer Cano.

29. Several other male officers on the scene also reported using force, including Officers Joshua Merritt, Alex Philleo and Sergeant Brett Biggs.

30. In September 2024, three months post-incident, a review of the use of force involving Officer Cano, which was initially determined justified by Defendant Wilder, was expanded to include additional charges including allegations of "harsh language," and failing to promptly request medical attention for an arrestee.

31. The male officers who used force during the same incident, Joshua Merritt, Alex Philleo and Sergeant Brett Biggs were not subjected to a full administrative investigation and were cleared within weeks.

32. Police policy states "Whenever practicable, members should take appropriate steps to provide initial medical aid (e.g.,first aid, CPR, use of an automated external defibrillator (AED)) in accordance with their training and current certification levels. This should be done for those in need of immediate care and only when the member can safely do so." Whitehall Police Policy, Medical Aide and Response No. 434.

33. After months of investigation, and a review of her body worn camera over 10 times, Defendants determined Officer Cano had violated this policy when she waited to call for medical aid for a period of two minutes and 18 seconds.

34. Officer Cano did not violate policy and was securing the scene and securing the prisoners prior to requesting medical attention for a prisoner.

35. None of the male officers also on the scene, were investigated or charged with this infraction.

36. Officer Philleo waited approximately 27 minutes before calling for medical care on another suspect involved in the same incident. Officer Philleo was not investigated or charged for this offense.

37. Officer Cano, the only female officer, was the only person interviewed during the investigation conducted by Defendant Parr, even though it was clear Officer Merritt was also inside the cruiser and was involved in the incident. Officer Merritt never called for a medic, was never investigated for the alleged infraction and was never disciplined.

38. An arrest by Officer Cano occurring on Oct. 15, 2024, was reviewed and approved by Defendant Parr, a male supervisor, prior to Officer Cano taking a female suspect to jail.

39. In October 2024, Officer Cano was relieved of duty and placed on desk duty while the first investigation expanded and the Oct. 15, 2024, arrest was being scrutinized.

40. On November 3, 2024, Officer Cano received notification she was also under investigation for the arrest that occurred on Oct. 15, 2024, which was reviewed and approved by Defendant Parr at the time the incident occurred.

41. Defendant Parr concluded Officer Cano committed policy violations during the June 24, 2024, incident when she failed to promptly request medics in violation of policy 434.10.

42. On December 12, 2024, Officer Cano was terminated for these alleged infractions.

43. Officer Cano was the only female involved in the two incidents that allegedly led to her termination.

44. Officer Cano, a female, was targeted, investigated, disciplined and terminated by male supervisors for fabricated violations and minor infractions. Male officers involved in the same incidents and committing similar minor policy violations were never investigated or disciplined.

45. Officer Cano was targeted, investigated, and terminated after engaging in protected union activity.

**STATEMENT OF CLAIMS**

**COUNT I – HOSTILE WORK ENVIRONMENT (against the City of Whitehall)**

Title VII, 42 U.S.C. § 2000e *et seq;* R.C. Chapter 4112, *et seq.*

46. Plaintiff incorporates the previous paragraphs as if fully rewritten herein and further alleges as follows:

47. From March 15, 2021, to December 12, 2024, Plaintiff was qualified and held a position as a sworn law enforcement officer for the Whitehall Division of Police.

48. The City of Whitehall is and was at all times relevant hereto, an "employer," as that term is defined in 42 U.S.C. § 2000e(b) and has more than 15 employees working more than each working day in each of twenty or more calendar weeks.  The City of Whitehall is and was at all times relevant hereto, an "employer," as that term is defined in R.C. 4112.01(A)(2) and employed more than the required number of employees to so qualify.

49. Plaintiff was at all times relevant hereto, an "employee" of the City of Whitehall, as that term is defined in 42 U.S.C. § 2000e(f) and R.C. 4112.01(A)(3).

50. From May, 2024, to December 12, 2024, and because of her gender, Plaintiff was subjected to various actions and mistreatment, as outlined in the preceding paragraphs.

9

51. From May, 2024, to December 12, 2024, the conduct of the Defendants was so severe and/or pervasive that it had the purpose and effect of unreasonably interfering with the Plaintiff's work performance and/or creating an intimidating, hostile, and/or offensive work environment.

52. From May, 2024, to December 12, 2024, the Defendants, which included top-level management and supervision, knew the discriminatory actions and/or supervised Plaintiff.

53. From May, 2024, to December 12, 2024, for the reasons and based on the facts outlined in the preceding paragraphs, and under 42 U.S.C. § 2000e-2(1), the Defendant City of Whitehall "otherwise" "discriminated against" Plaintiff "concerning [her] compensation, terms, conditions, or privileges of employment, because of such individual's gender," and in contravention of 42 U.S.C. § 2000e-2(a)(1). From May, 2024, to December 12, 2024, for the reasons and based on the facts outlined in the preceding paragraphs, and under 42 U.S.C. § 2000e-2(a)(2), the Defendant City of Whitehall limited, segregated, and/or classified the Plaintiff in a way which would deprive or tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee, because of her gender. In the alternative, gender-motivated the foregoing actions, in contravention of 42 U.S.C. § 2000e-2(m).

54. From May, 2024, to December 12, 2024, Defendant, City of Whitehall, likewise because of the gender of the Plaintiff, "otherwise" discriminated against the Plaintiff "concerning hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment," in contravention of 4112.02(A).

55. Because of the involvement of high-level decision-makers in the foregoing discrimination, the Defendant City of Whitehall is liable therefore. In the alternative, Defendant City of

10

Whitehall knew or should have known of the actions herein and failed to take reasonable care to prevent and promptly correct the actions of the individuals and is therefore liable for their actions.

56. From May, 2024, to December 12, 2024, and as a direct and proximate result of the Defendant City of Whitehall's acts and omissions set forth above, Plaintiff suffered and continues to suffer damages and losses, including but not limited to loss of income, benefits, and other valuable job rights. Plaintiff suffered and continues to suffer from emotional distress for which she should be compensated.

57. From May, 2024, to December 12, 2024, the above actions by the Defendant City of Whitehall constitute hostile work environment harassment in violation of 42 U.S.C. §2000e, *et seq.* and R.C. Chapter 4112, *et seq*., rendering Defendant City of Whitehall liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and such other damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5 as well as R.C. 4112.052.

58. From May, 2024, to December 12, 2024, the facts as alleged herein demonstrate that Defendant City of Whitehall engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiff's federally protected rights.

59. From May, 2024, to December 12, 2024, Defendant City of Whitehall's actions warrant the imposition of punitive damages under 42 U.S.C. §2000e, 42 U.S.C. §1983, Ohio common law, and other applicable laws.

60. From May, 2024, to December 12, 2024, punitive damages are warranted under state law, as Defendants' actions constitute oppression and/or malice., Defendant City of Whitehall

11

authorized and ratified such conduct, or should have anticipated such conduct would occur, and taken steps to prevent such conduct, and appropriate remedial action and remedies were not taken.

## COUNT II – GENDER DISCRIMINATION (against the City of Whitehall)

### Title VII, 42 U.S.C. § 2000e *et seq.;* R.C.4112, *et seq.*

61. Plaintiff incorporates the previous paragraphs as if fully rewritten herein and further allege as follows:

62. The facts as alleged herein, that occurred from May 2024, to December 12, 2024, constitute direct evidence of discrimination in violation of 42 U.S.C. §2000e, *et seq.* and R.C. Chapter 4112, *et seq.*

63. From March 15, 2021 to December 12, 2024, Plaintiff was qualified and held a position as a sworn law enforcement officer for the Whitehall Division of Police.

64. From March 15, 2021, to December 12, 2024, Plaintiff was a white, female and a member of a class of protected individuals under 42 U.S.C. 2000e, *et seq.* and R.C. Chapter 4112, *et seq.*

65. From May 2024, to the present, Plaintiff suffered intentional discrimination and ultimately, had various adverse actions taken against her as the result of her status within the protected class.

66. From May 2024, to the present, furthermore, other individuals outside of Plaintiff's protected class, and employed by Defendant City of Whitehall, were treated more favorably, were not harassed, and did not have material adverse employment actions taken against them.

67. From May 2024, to the present, Defendants' acts in discriminating against Plaintiff based on her gender include but are not limited to, harassing and intimidating Plaintiff through the investigative process, treating Plaintiff differently than similarly situated male officers and supervisors, threatening Plaintiff with job actions and administrative charges, and retaliating against Plaintiff for protected activity.

68. From May 2024 to the present, Defendants Bivens, Gregg, Crispin, Wilder, and Parr were aware of the discriminatory actions, failed to take action to stop the illegal discrimination based on gender, and supported the illegal actions through the investigative process and thereafter, including participating and encouraging ongoing acts of retaliation.

69. From May 2024, to the present, Defendant City of Whitehall's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

70. As a direct and proximate result of the Defendant City of Whitehall's actions as set forth above, Plaintiff suffered and continues to suffer damages and losses from May 2024, to the present, including but not limited to loss of income, benefits, and other valuable job rights. Plaintiff suffered from and continues to suffer from emotional distress all for which they should be compensated.

71. The above actions by the Defendant City of Whitehall, on and after May 2024, constitute unlawful discrimination in violation of 42 U.S.C. § 2000e *et seq*., and  R.C. 4112, *et seq*., rendering Defendant City of Whitehall liable for injunctive relief, equitable relief, including damages, attorney fees, compensatory damages, damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5 and 42 U.S.C. §1983, as well as R.C. 4112.052.

72. The facts as alleged herein demonstrate that Defendant City of Whitehall, on and after May 2024, engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiff's federally protected rights.

73. As a result, Defendant City of Whitehall's actions, on and after July 28, 2021, warrant the imposition of punitive damages under 42 U.S.C. 42 U.S.C. §1983, Ohio common law, and other applicable law.

74. Furthermore, punitive damages are warranted under state law, as Defendant City of Whitehall's actions, on and after May 2024, constitute oppression and/or malice, Defendant City of Whitehall authorized and ratified such conduct, or should have anticipated such conduct would occur and taken steps to prevent such conduct.

## COUNT IV – DEPRIVATION OF RIGHTS (against all Defendants)

### Title 42 U.S.C. § 1983 *et seq.*

75. Plaintiff incorporates the previous paragraphs as if fully rewritten herein and further alleges as follows:

76. Defendants, at all times relevant to this action, were the City of Whitehall, and/or City employees or officers acting in their official capacity, including but not limited to, supervising, directing investigations, ruling on investigations, applying policies, evaluating subordinates, firing and disciplining employees.

77. Defendants, at all times relevant to this action, were acting under the color of law.

78. From May 2024 to Dec. 12, 2024, Defendants unlawfully deprived Plaintiff of her Constitutional rights in violation of the Fourteenth Amendment and the Equal Protection Clause of the Constitution of the United States.

79. Each of the individual Defendants, including Defendants Bivens, Gregg, Crispin, Wilder, and Parr, each personally participated in the adverse actions, retaliation, and gender discrimination undertaken during this period and as outlined in detail in the preceding paragraphs. This included multiple acts of joint consultation with each other, and from May 2024 to Dec. 12, 2024, to coordinate and direct the targeted discrimination and retaliation.

80. From May 2024, to the present, Defendants Bivens, Gregg, Crispin, Wilder, and Parr, ensured that each personally was engaged in selectively treating Plaintiff less favorably based on her gender compared with other similarly situated male employees and Defendants Bivens, Gregg, Crispin, Wilder, and Parr failed to act on clear evidence of discrimination and harassment suffered by Plaintiff.

81. From May 2024 to Dec. 12, 2024, Plaintiff suffered retaliation, and Defendants Bivens, Gregg, Crispin, Wilder, and Parr conspired to retaliate and discriminate against Plaintiff based on their participation in discriminatory investigations and proceedings. Specifically, Defendants Bivens, Gregg, Crispin, Wilder, and Parr were each personally involved in utilizing and/or permitting the weaponization of the investigative process to harass and retaliate against Plaintiff, treating Plaintiff different than similarly situated males, attempting to intimidate Plaintiff and suppress Plaintiff's protected activity, and attempting to harass, intimidate and deny Plaintiff her First Amendment rights.

82. From May 2024 to Dec. 12, 2024, Defendants Bivens, Gregg, Crispin, Wilder, and Parr failed to enforce established policies, actively participated and/or failed to address disparate treatment based on gender, and permitted and encouraged Defendant Crispin to

retaliate against Plaintiff and continue to perpetuate a hostile work environment based on gender.

83. From May 2024 to Dec. 12, 2024, Defendants Bivens, Gregg, Crispin, Wilder, and Parr's actions and failure to fairly enforce policies based on the gender of the involved parties, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

84. Defendant, City of Whitehall is likewise liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) for the foregoing Equal Protection violations, because (i) officials with final decision-making authority ratified and personally participated in the illegal actions; (ii) the City had and may still have a policy of inadequate training or supervision, including the failure to investigate, supervise, and take appropriate action concerning the handling of discriminatory investigations, despite the existence of prior legitimate complaints against the City for similar unconstitutional misconduct; and (iii) the City had and may still have a custom of tolerance or acquiescence of federal rights violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

85. The above actions by each of the Defendants constitute unlawful discrimination in violation of 42 U.S.C. §1983, *et seq.,* rendering each of the Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and such other damages as may be proven at trial, under the provisions of 42 U.S.C. §1983 and 42 U.S.C. § 1988.

86. The facts as alleged herein demonstrate that individual Defendants Bivens, Gregg, Crispin, Wilder, and Parr engaged in discriminatory practices, ongoing harassment, and retaliation with malice or with reckless indifference to Plaintiffs' federally protected rights.

87. As a result, the Defendants' actions warrant the imposition of punitive damages under 42 U.S.C. §1983 and other applicable laws against Defendants Bivens, Gregg, Crispin, Wilder, and Parr.

### COUNT V – DEPRIVATION OF RIGHTS -- R.C. 4112.02(J) (individual Defendants)

88. Plaintiff incorporates the preceding paragraphs as if fully restated here.

89. R.C. 4112.02(J) prohibits any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

90. Defendants Bivens, Gregg, Crispin, Wilder, and Parr violated R.C. 4112.02(J) by each aiding, abetting, compelling, and coercing, violations of R.C. Chapter 4112, including by and through the actions outlined in the preceding paragraphs.

91. Defendants Bivens, Gregg, Crispin, Wilder, and Parr were each personally involved in the pervasive activity set forth herein, to including ongoing efforts to perpetuate gender discrimination and retaliation, during the relevant limitations period, and each individual Defendant took active and concerted steps to pursue targeted and malicious investigations, to further direct and see that Plaintiff was punished or otherwise retaliated against, for her protected activity, and thus each aided, abetted, incited, compelled, or coerced the doing of acts declared by R.C. 4112.02 to be an unlawful discriminatory practices; in the same vein, each of the foregoing Defendants obstructed, prevented, and continue to obstruct and prevent Plaintiff and others from complying with R.C. Chapter 4112, as well as have

attempted directly or indirectly to commit unlawful acts of discrimination under R.C. Chapter 4112.

92. As a direct and proximate result of the Defendants' conduct described herein, Plaintiff suffered and continues to suffer irreparable harm and damages, including but not limited to loss of income, benefits, opportunity, and other valuable job rights. Plaintiff also suffered from and continues to suffer emotional distress from Defendants' conduct described herein, all for which Plaintiff should be compensated.

93. The above actions by the Defendants constitute unlawful discrimination in violation of R.C. Chapter 4112, *et seq*., rendering Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of R.C. Chapter 4112 and R.C. 4112.052.

## COUNT VI – CONSPIRACY TO VIOLATE CIVIL RIGHTS (individual Defendants)
### Title 42 U.S.C. § 1985(1)(2) *et seq.*

94. Plaintiffs incorporate the preceding paragraphs as if fully restated here.

95. From May 2024 to Dec. 12, 2024, Defendants Bivens, Gregg, Crispin, Wilder, and Parr, being two or more persons in Ohio, and acting under color of law, each personally conspired to prevent, by intimidation or threat, Plaintiff from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; they further conspired to injure Plaintiff in her person or property on account of the lawful discharge of the duties of Plaintiff's offices, and they conspired, while engaged in the lawful discharge thereof, or to injure Plaintiff's property to molest, interrupt, hinder, or impede them in the discharge of their official duties, all in violation of 42 U.S.C. § 1985(1).

18

96. From May 2024 to the present, Defendants Bivens, Gregg, Crispin, Wilder, and Parr, being two or more persons in Ohio, conspired to impede, hinder, obstruct, or defeat, in any manner, the due course of justice in the State of Ohio, with intent to deny to Plaintiff, as a citizen, the equal protection of the laws, or to injure her or her property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws, all in violation of 42 U.S.C. § 1985(2).

97. From May 2024 to the present, Defendants Bivens, Gregg, Crispin, Wilder, and Parr, being two or more persons in Ohio, conspired for impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in the State of Ohio, with intent to deny to Plaintiff, as a citizen, the equal protection of the laws, or to injure her or her property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws, all in violation of 42 U.S.C. § 1985(2).

98. Specifically, and without limitation, from May 2024, Defendants Bivens, Gregg, Crispin, Wilder and Parr held meetings, together and/or in subgroups, with a common conspiratorial purpose and each directed, was involved in directing, and conspired to direct the acts of retaliation, outlined in the preceding paragraphs against Plaintiff, and to create a pervasive and hostile working environment.

99. As a direct and proximate result of the Defendants Bivens, Gregg, Crispin, Wilder, and Parr's conduct described herein, Plaintiff suffered and continues to suffer irreparable harm and damages from May 2024, to the present, including but not limited to loss of income, benefits, opportunity, and other valuable job rights. Plaintiff also suffers from and will continue to suffer emotional distress from the individual Defendants conduct described herein, all for which Plaintiff should be compensated.

100. The above actions by the individual Defendants constitute an unlawful civil rights conspiracy, in violation of 42 U.S.C. § 1985, rendering individual Defendants liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of 42 U.S.C. § 1983, and 42 U.S.C. § 1985.

101. The facts as alleged herein demonstrate that individual Defendants engaged in discriminatory practices, ongoing harassment, and retaliation, from May 2024, to the present, with malice or with reckless indifference to Plaintiff's federally protected rights.

102. As a result, individual Defendants' actions warrant the imposition of punitive damages under law.

## COUNT III- RETALIATION (against the City of Whitehall)

### Title VII, 42 U.S.C. § 2000e *et seq.;* R.C.4112, *et seq.*

103. Plaintiff incorporates the previous paragraphs as if fully rewritten herein and further alleges as follows:

104. From March 15, 2021, through Dec. 12, 2024 and to the present date, Plaintiff was qualified and held positions as a sworn law enforcement officer for the City of Whitehall, Division of Police.

105. Following Plaintiff's participation in union activities and her representation on behalf of Whitehall officers during union activity, Defendants engaged in targeted retaliation and adverse employment actions were taken against Plaintiff, as set forth herein, in violation of 42 U.S.C. §2000e, *et seq.* and R.C. Chapter 4112, *et seq*. Specifically, and during the period of May 2024 through Dec. 12, 2024, actions by Defendants include, but are not

limited to, harassing and intimidating Plaintiff through targeted review of her routine actions, spurious investigations, unwarranted and discriminatory discipline, and termination. Plaintiff, from May 2024, to Dec. 12, 2024, engaged in protected activity and was discriminated against because she opposed unlawful employment practices under Title VII and/or R.C. Chapter 4112, and/or because she made charges, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII and/or R.C. Chapter 4112, in violation of 42 U.S.C. § 2000e-3(a), and under 4112.02(I).

106. As a direct and proximate result of the Defendant City of Whitehall's conduct described herein, from May 2024 to Dec. 12, 2024 and to the present date, Plaintiff suffered and continues to suffer irreparable harm and damages, including but not limited to loss of income, benefits, opportunity, and other valuable job rights. Plaintiff also suffered from and continues to suffer emotional distress from Defendants' conduct described herein, all for which Plaintiff should be compensated.

107. The above actions by the Defendant City of Whitehall, from May 2024, to the present, constitute unlawful discrimination in violation of 42 U.S.C. §2000e, *et seq.* and R.C. Chapter 4112, *et seq.*, rendering the Defendant City of Whitehall liable for injunctive relief, equitable relief, including back pay, damages, attorneys fees, compensatory damages, including damages for emotional distress, loss of income, benefits, and other such damages as may be proven at trial, under the provisions of 42 U.S.C. §2000e-5, as well as R.C. Chapter 4112 and R.C. 4112.052.

108. The facts as alleged herein demonstrate that Defendant City of Whitehall engaged in discriminatory practices, ongoing harassment, and retaliation, from May 2024 to the present, with malice or with reckless indifference to Plaintiffs' federally protected rights.

As a result, Defendant City of Whitehall's actions warrant the imposition of punitive damages under 42 U.S.C. 42 U.S.C. §1983, Ohio common law, and other applicable law.

109. Furthermore, punitive damages are warranted under state law, as Defendant City of Whitehall's actions constitute oppression and/or malice, Defendant City of Whitehall authorized and ratified such conduct, or should have anticipated such conduct would occur and taken steps to prevent such conduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as prayed for, including:

A. That Plaintiff be awarded money damages, including both compensatory and punitive damages against the Defendants, in an amount to be proven at trial, and exceeding $75,000.00, exclusive of interest and costs;

B. That trial by jury be had on all issues so triable;

C. That Plaintiff be awarded their costs in this action, including reasonable attorney fees;

D. That Plaintiff be awarded all appropriate injunctive and equitable relief against the Defendant, as this Court may find just and proper; and

E. Such other relief as this Court shall deem just and proper.

### Jury Demand

Plaintiff demands trial by jury for any and all claims so triable under FRCP 38.

*/s/ Jennifer L. Knight*

March 10, 2026                          Respectfully submitted,


                                        */s/Jennifer L. Knight*
                                        Jennifer L. Knight (0095480)
                                        Gottesman & Associates, LLC

22

9200 Montgomery Rd.
Building E, Suite 18B
Cincinnati, Ohio  45242
Telephone: 513/651-2121
Fax: 513/586-0655
Jknight6291@yahoo.com

*/s/Zachary Gottesman*
Zachary Gottesman (0058675)
Gottesman & Associates, LLC
9200 Montgomery Rd.
Building E, Suite 18B
Cincinnati, Ohio  45242
Telephone: 513/651-2121
Fax: 513/586-0655
zg@zgottesmanlaw.com
*Counsel for Plaintiff*